UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In re

JACOB M. GIRDLESTONE, BK 25-11087 CLB

Debtor. DECISION & ORDER

---

WAYNE PELOW,

Plaintiff, AP 25-1033 CLB

v.

JACOB M. GIRDLESTONE,

Defendant.

---

Raymond C. Stilwell, Esq.
4476 Main Street, #120
Amherst, New York 14226
Attorney for Plaintiff

David F. Butterini, Esq.
919 Kenmore Avenue
Buffalo, New York 14223
Attorney for Defendant

Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

The present motion relates to whether battery is an inherently willful and malicious injury for purposes of determining the dischargeability of a debt under 11 U.S.C. § 523(a)(6).

On April 17, 2019, Wayne Pelow suffered injuries that allegedly resulted from an altercation that involved Jacob M. Girdlestone. Pelow thereafter commenced an action in New York State Supreme Court against Girdlestone and another individual to

recover damages. The matter was eventually referred to arbitration. In a decision dated January 17, 2025, the arbitrator ruled that "[t]he defendant, Jacob Girdlestone, is found to have committed a battery by intentionally touching the plaintiff without his consent which resulted in injuries including a left patellar fracture." For these injuries, the arbitrator assessed damages in the amount of $175,000. In an order dated May 29, 2025, Supreme Court Justice Dennis E. Ward confirmed this award. A judgment was then entered against Girdlestone for damages, interest and costs.

Jacob M. Girdlestone filed a petition for relief under Chapter 7 of the Bankruptcy Code on September 15, 2025. With that petition, the debtor filed schedules that list a disputed debt to Wayne Pelow in the amount of $181,740.89. In a complaint dated November 18, 2025, Pelow seeks a determination that his claim is nondischargeable under 11 U.S.C. § 523(a)(6). Now before this Court are cross motions for summary judgment. Pelow contends that the arbitrator's finding of battery is controlling and suffices to establish a willful and malicious injury. The debtor responds that the order confirming the arbitration award is a mere money judgment and does not bind this Court to any findings of the arbitrator.

Discussion

Section 523(a) of the Bankruptcy Code states that a discharge in bankruptcy "does not discharge an individual debtor from any debt . . . (6) for willful and malicious injury by the debtor to another entity or to the property of another entity." To be nondischargeable, the injury must be both willful and malicious. Moreover, "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 977 (1998).

This Court is obliged to give full faith and credit to the decision of Judge Ward which granted a judgment to the defendant herein. But not every judgment is nondischargeable. Here, the prerequisites for nondischargeability were never decided either by the state court's order or by the arbitration award upon which it is based. The arbitrator's award was a determination of damages for civil battery. The Appellate Division concisely summarized the requirements for this tort in *Tower Ins. Co. Of N.Y. v. Old N. Blvd. Rest. Corp.*, 245 A.D.2d 241, 242 (1st Dept. 1997): "To establish a civil battery a plaintiff need only prove intentional physical contact by defendant without

plaintiff's consent; the injury may be unintended, accidental or unforeseen."

Under New York law, civil battery requires only the showing of an intentional act. That showing of an intentional act does not necessarily speak to the requirement recognized by the Supreme Court in *Kawaauhau*, that the injury be deliberate or intentional. The finding of a battery, therefore, does not here address whether the tortfeasor inflicted a willful and malicious injury within the meaning of section 523(a)(6) of the Bankruptcy Code. This issue must instead be resolved by a separate trial. Accordingly, the motion and cross motion for summary judgment are denied.

Because neither the New York State Supreme Court nor the arbitrator ever made findings regarding the willful and malicious character of the plaintiff's injury, we need not further discuss the binding reach of an arbitrator's decision. By separate directive, this Court will set a pretrial conference for the purpose of scheduling a trial on nondischargeability under 11 U.S.C. § 523(a)(6).

So ordered.

Dated: August 7, 2026 /s/ Carl L. Bucki
Buffalo, New York Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y